FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 16 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GUISHAN, INC. d/b/a MISTER SOFTEE
and MISTER SOFTEE, INC.,

        Plaintiffs,

-against-

SCOOBY SCRAPS, INC.,

        Defendant.
-------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

08-cv-2684 (BMC) (RER)

**COGAN, District Judge.**

This case is before the Court on plaintiffs' motion for a default judgment as a result of defendant's failure to answer or appear.

## BACKGROUND

Plaintiff Mister Softee, Inc. ("Mister Softee") is the franchisor of the Mister Softee mobile ice cream truck businesses that sell soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items, and other products. Plaintiff Guishan, Inc. ("Guishan") is a sub-franchisor of Mister Softee, and has the exclusive right to sell Mister Softee franchises in a designated region under a Distributor Agreement with Mister Softee.

Mister Softee owns the trademarks "Mister Softee" and related logos, including the "Conehead Cartoon Character" logo of an ice cream cone with a smiling face and bow tie. These logos are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918 and 0667335. Mister Softee also owns a sensory mark for the Mister Softee musical jingle, at Registration No. 2218017,

as well as a federal trademark registration for the overall design of the Mister Softee ice cream truck, at Registration No. 2906357.

Mister Softee ice cream trucks are white with blue trim and blue wheels. On the front of each truck is the statement "The Very Best" above the name "Mister Softee," both in red cursive lettering. The sides of the Mister Softee trucks feature the Conehead Cartoon Character and the words "Delicious Shakes," "Shakes," "Sundaes," and "Cones." Each truck also features other unique menu items, advertisements, and signage designed to make Mister Softee trucks identifiable to consumers.

Defendant Scooby Scraps, Inc. ("Scooby Scraps") operates a business selling soft serve ice cream and similar products through the use of a mobile ice cream truck. The Scooby Scraps truck, New York license plate # 60612-JL, is white with blue trim and blue wheels. The front of the truck features the words "The Very Best" above the words "Soft Ice Cream," both in red cursive lettering. The side of Scooby Scraps' truck features the Conehead Cartoon Character and advertisements for various ice cream products. Mister Softee and Guishan have not consented to Scooby Scraps' use of these trademarked designs and logos on its ice cream truck.

## DISCUSSION

Plaintiffs filed this action on July 3, 2008. In their complaint, Plaintiffs alleged that defendant's use of the Mister Softee trademarked logos and designs constitutes trademark infringement under the Lanham Act, common law unfair competition, and a common law unfair trade practice. Defendant was served with a summons and complaint on July 24, 2008, but has failed to answer or otherwise appear in the action. The clerk of court entered notice of Scooby Scraps' default into the docket on August 27, 2008.

A default constitutes an admission of all well-pleaded factual allegations in the complaint pertaining to liability. See Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). A default also effectively constitutes an admission that the acts pleaded in the complaint violated the laws upon which the claim is based and caused injuries as alleged. Cablevision Systems New York City Corp. v. Lokshin, 980 F. Supp. 107, 111 (E.D.N.Y. 1997) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 69-70 (2d Cir. 1981). The movant need prove "only that the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." Greyhound, 973 F.2d at 159. Here, plaintiffs seek no monetary compensation. They seek attorneys' fees and the entry of a permanent injunction against Scooby Scraps, enjoining it from using Mister Softee's proprietary trademarks, trade names, and trade dress or any colorable imitation thereof in any manner whatsoever.

To secure a permanent injunction, plaintiffs must demonstrate (1) irreparable harm; and (2) success on the merits. Cartier, Inc. v. Four Star Jewelry Creations, Inc., 348 F. Supp. 2d 217, 240 (S.D.N.Y. 2004). To establish success on the merits on a claim for injunctive relief under the Lanham Act, plaintiffs must establish ownership of a valid trademark, and that defendant's use of its mark is likely to create confusion regarding the source of the product.[1] See U2 Home Entertainment, Inc. v. Fu Shun Wang, 482 F. Supp. 2d 314, 319-20 (E.D.N.Y. 2007) (granting permanent injunction for trademark infringement after defendant defaulted); Rolex Watch USA, Inc. v. Jones, No. 99 Civ. 2359, 2000 WL 1528263, *2 (S.D.N.Y. Oct. 13, 2000). This showing of likelihood of

---

[1] Mister Softee's trademarks are valid and protectable. See Mister Softee, Inc. v. Valdez, No. 01 CIV. 12742, 2002 WL 554501, *1 (S.D.N.Y. Apr. 15, 2002). Thus, the only matter at issue here is whether defendant's use of the trademark is likely to create confusion.

confusion will also establish the irreparable harm requirement for permanent injunctive relief. Cartier, Inc., 348 F. Supp. 2d at 240.

To evaluate the likelihood of confusion, the Court must consider the factors established in Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492, 495 (2d Cir. 1961): (1) strength of the plaintiffs' mark; (2) degree of similarity between the two marks; (3) proximity of the products in the marketplace; (4) likelihood that the plaintiff will enter a market related to that in which the defendant sells its product; (5) evidence of actual confusion; (6) defendant's bad faith; (7) quality of the defendant's product; and (8) sophistication of the relevant consumer group. Arrow Fastener Co., Inc. v. Stanley Works, 59 F.3d 384, 391 (2d Cir. 1995).

Plaintiffs' allegations, as admitted by defendant's default, establish a clear likelihood of confusion resulting from Scooby Scraps' use of the Mister Softee trademarked logos and truck design. Mister Softee's marks are strong – they are registered with the Patent & Trademark Office and have been in use since 1956. There is a high degree of similarity between a Mister Softee truck and the Scooby Scraps truck, and both house mobile soft ice cream businesses in the New York City area. Scooby Scraps' use of Mister Softee's identical color scheme, red cursive "The Very Best," and Conehead Cartoon Character demonstrates its bad faith and intent to deceive the public by copying these designs and using them on its own truck. Furthermore, plaintiffs have no way to ensure the quality of defendant's ice cream products, or whether Scooby Scraps stores and dispenses its ice cream in accordance with the applicable health codes and regulations. Lastly, although plaintiffs have not demonstrated actual confusion,

Mister Softee's primary customer base is young children who could be very easily confused by Scooby Scraps' use of Mister Softee's truck design and logos.

Because plaintiffs have a valid mark and have established likelihood of confusion, they succeed on the merits of their Lanham Act claim. Furthermore, because they have established a risk of irreparable harm, the Court finds that plaintiffs are entitled to a permanent injunction against Scooby Scraps.

The Court has reviewed plaintiffs' request for recovery of costs and attorneys' fees, and finds that plaintiff's claim of $5,107.00 is reasonable.

An appropriate Judgment on Default will issue.

SO ORDERED.

s/BMC
U.S.D.J.

Dated: Brooklyn, New York
September 15, 2008